**SO ORDERED.**

**SIGNED this 9 day of September, 2013.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

**NEW HOPE CHRISTIAN CHURCH,**                    **CASE NO. 13–03691–8–SWH**
                                                  **CHAPTER 11**
    **DEBTOR.**

### MEMORANDUM OPINION

After a hearing on August 6, 2013, the court entered a brief order on August 8, 2013, allowing the motion of New Hope Christian Church ("debtor") to extend the deadline for confirmation of its plan of reorganization. This memorandum opinion sets forth the basis of the court's ruling.

The debtor filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on June 10, 2013. In its petition, the debtor designated itself a "small business debtor" pursuant to § 101(51C) of the Bankruptcy Code.[1] Approximately two days after the petition date, Antioch Partners, LLC ("Antioch"), a secured creditor, filed a motion to dismiss the case pursuant to §1112(b) or, in the alternative, for relief from the automatic stay in order to proceed with a pending foreclosure proceeding in state court.

_____

[1]All statutory references are to the Bankruptcy Code, 11 U.S.C. § 101 et seq., unless otherwise indicated.

The debtor filed its chapter 11 plan of reorganization on June 24, 2013, which was subsequently amended on June 25, 2013.  On June 25, 2013, the court set the hearing on confirmation of the debtor's plan of reorganization  for August 6, 2013. In accordance with 11 U.S.C. § 1129(e), the deadline for confirmation of the debtor's plan of reorganization was August 8, 2013.[2]

On July 16, 2013, thirty-six days after the petition date and prior to the scheduled confirmation hearing, the court denied Antioch's motion to dismiss, concluding that "[t]he attempt by the debtor to hold on to its property and work diligently to effectuate a plan does not constitute cause pursuant to section 1112(b) nor should it warrant relief from stay pursuant to section 362(d)(4)." In re New Hope Christian Church, No. 13–03691–8–SWH, at 4 (Bankr. E.D.N.C. July 16, 2013).

On August 1, 2013, the debtor filed the motion currently before the court, seeking a sixty day extension of the deadline for confirmation of its plan of reorganization.  In its motion, the debtor is requesting a sixty day extension to file an amended plan of reorganization.  Antioch filed an objection opposing the extension requested by the debtor on August 5, 2013.

At the August 6 hearing, the debtor provided evidence as to the progress which has been made by the debtor since filing.  Pastor Page, on behalf of the debtor, testified that he is currently seeking new loans to refinance the debtor's secured debt.  Specifically, the debtor has submitted one application for a new loan in an amount that would pay off the current secured creditors.  Additionally, Pastor Page has spoken with two other individuals regarding the possibility of new

---

[2] Section 1129(e) provides that the court shall confirm a plan in a small business case no later than forty-five days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3).

financing.  With regard to other creditors, Pastor Page stated that unsecured creditors who were not listed on the petition but were owed prepetition debts have been identified and a new amended plan will be needed to treat these claims.  Further evidence of the debtor's ability and willingness to reorganize, according to Pastor Page, is the debtor's resolve to sell its excess property.  Pastor Page has been speaking with an individual at Focus Realty in an attempt to get the property sold.

To be better able to reorganize the debtor, Pastor Page informed the court that he had recently retained a business manager, Teresa Thompson, to assist with many of the financial responsibilities of the debtor.  Ms. Thompson testified that the debtor is actively trying to expand its membership, which is currently at twenty-four members.  By building the ministry, the debtor will be able to collect between $1,000 and $2,000 in tithes and offerings per month.  Additionally, Ms. Thompson said the rental of the property to two different ministries will provide the debtor revenue of $1,400 per month.  Family Friends Christian Fellowship and Judd Ministries will each pay $700 per month to rent the property.  One ministry will begin renting in September and one has already started renting the space.

At the hearing, counsel for the debtor argued that the above efforts showed it is more likely than not that the court will be able to confirm a plan within a reasonable period of time.  Debtor's counsel reasoned that, based on the testimony of the increase in revenue, a plan with payments of $1,200 per month would be feasible for the debtor.  A plan with such payments would, according to debtor's counsel, be likely to meet the requirements for confirmation and an extension of time to confirm such a plan is warranted.

## DISCUSSION

Sections 1129(e) and 1121(e) establish the time constraints and deadlines applicable to small business cases.   Section 1129(e), describing the expedited nature of the confirmation process in small business cases, provides that "the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3)." 11 U.S.C. § 1129(e); see In re Sanchez, 429 B.R. 393, 398 (Bankr. D.P.R. 2010) (stating that "1129(e) is a clear example of Congress' attempt to keep small business cases on a short leash."). Section 1121(e)(3), in turn, sets forth three requirements that must be satisfied to extend the forty–five day deadline within which a plan of reorganization must be confirmed:

> (A) the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;
>
> (B) a new deadline is imposed at the time the extension is granted; and
>
> (C) the order extending time is signed before the existing deadline has expired.

11 U.S.C. § 1121(e)(3). Absent an extension and if a small business debtor fails to achieve confirmation of its plan of reorganization within these deadlines, the case could be dismissed on the motion of a party in interest pursuant to § 1112(b)(4)(J).

To satisfy the requirements of, and acquire an extension under, § 1121(e)(3), small business debtors must "submit some evidence from which the Court can find that confirmation within a reasonable amount of time is likely." In re Darby Gen. Contracting, Inc., 410 B.R. 136, 144 (Bankr. E.D.N.Y. 2009); accord In re JMC Outfitters Co., No. 08–314390, 2009 WL 2046043, at *2 (Bankr.

4

W.D. Tex. May 25, 2009). While "a debtor seeking the Section 1121(e)(3) extension of time must put on evidence from which the Court can determine whether the Court will confirm a plan within a reasonable amount of time, the Court need not conduct a trial on confirmation." In re AMAP Sales & Collision, Inc., 403 B.R. 244, 249 (Bankr. E.D.N.Y. 2009). Stated differently, the inquiry under § 1121(e)(3)(A) "is not so much whether the evidence shows the plan will likely be confirmed, but rather whether the evidence shows that it is *unlikely* that the debtor will ever get a plan confirmed within a reasonable time." JMC Outfitters, 2009 WL 2046043, at *2 (recognizing that "[a] better reading of the admittedly inartfully drafted statutory language seems to be that the court should focus on the issue of 'within a reasonable period of time.'" (citing 11 U.S.C. § 1121(e)(3)(A)). In AMAP, the court noted that it "does not need to find that Debtor can confirm *the filed* Plan, only that it can confirm *a* Plan. 403 B.R. at 250.

The evidence presented at the hearing shows that the debtor has met its burden of proof under § 1121(e)(3) for an extension of time to confirm a plan. The debtor's monthly income has increased due to the rental contracts for the use of the church facilities. The debtor is under better management with the addition of a business manager. The debtor has shown a willingness to sell the excess property which is not needed for its reorganization. Finally, the debtor is attempting to refinance its secured debt. All of this evidence, along with the fact that the bankruptcy administrator has not lodged an objection, speak to the ability of the debtor to confirm a plan within a reasonable amount of time. Despite Antioch's suggestion to the contrary, § 1121(e)(3) does not compel the court to find that the debtor can confirm the plan of reorganization filed with the court, only that can confirm a plan of reorganization.

Based on the record and pursuant to § 1121(e)(3)(A), the debtor has demonstrated by a preponderance of the evidence that it is more likely than not a plan of reorganization will be confirmed within a reasonable time.   Furthermore, a new deadline was imposed at the time the extension was granted and the order extending the time was signed before the existing deadline expired, thus satisfying §§ 1121(e)(3)(B) & (C). See In re New Hope Christian Church, No. 13–03691–8–SWH  (Bankr. E.D.N.C. Aug. 8, 2013).   Accordingly, the debtor has met its burden under § 1121(e)(3) and the debtor's motion is **ALLOWED**.  As stated in its previous order, the court extends the time limitations of § 1129(e) and § 1121(e)(3), the debtor shall filed an amended plan no later than October 8, 2013, and the debtor will have until November 23, 2013, to confirm its amended plan.

**SO ORDERED.**

**END OF DOCUMENT**

6